E-FILED
Monday, 09 January, 2017  02:41:53 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **MYRON ZOLLICOFFER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil No. 15-03337** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Petitioner Myron Zollicoffer's Motion for
Bond (d/e 10), in which he requests bond pending a determination
of the motion he filed pursuant to 28 U.S.C. § 2255. Petitioner's
motion is GRANTED. Petitioner has shown that he has raised a
substantial constitutional claim upon which he has a high
probability of success and that exceptional circumstances exist that
require bail to make the habeas remedy effective.

## I. BACKGROUND

In October 2002, Petitioner was charged by indictment with three counts of distributing a substance containing crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  United States v. Zollicoffer, Central District of Illinois, Springfield Division, Case No. 02-CR-30104 (d/e 1).  On February 14, 2003, Petitioner pleaded guilty to the charged offenses.  The Presentence Investigation Report prepared in anticipation of Petitioner's sentencing found Petitioner to be a career offender based on a prior conviction for manufacture or delivery of cannabis and a prior conviction for reckless discharge of a firearm.  The career offender enhancement increased Petitioner's base offense level from 23 to 34.  Case No. 02-30104, Presentence Investigation Report (PSR), ¶ 27.

Based on his total offense level of 34 and his criminal history category of VI, which would not have changed absent his career offender designation, Petitioner's imprisonment guideline range at sentencing was 262 to 327 months.  Had Petitioner's total offense level been 23, his imprisonment guideline range would have been 92 to 115 months.  On July 29, 2003, Petitioner was sentenced to 230 months of imprisonment.  Although Petitioner appealed, he

later filed a motion to dismiss the appeal, which the Seventh Circuit granted.  <u>See</u> Case No. 02-30104 (d/e 43).

Petitioner timely filed his first § 2255 petition in 2004.  <u>See</u> <u>Zollicoffer  v. United States</u>, Central District of Illinois, Springfield Division, Case No. 04-CV-03239 (d/e 1).  The motion was denied on February 22, 2005.  <u>Id.</u> (d/e 8).

In 2010, Petitioner filed an application to file a successive § 2255 petition in the Seventh Circuit, arguing that <u>Chambers v. United States</u>, 555 U.S. 122 (2009), mandated that his reckless discharge of a firearm conviction could not be a crime of violence, thereby eliminating the career offender enhancement.  <u>See</u> Seventh Circuit Case No. 10-1615.  The Seventh Circuit denied the application, finding <u>Chambers</u> did not announce a new constitutional rule but rather defined a statutory term.  <u>Id.</u> (d/e 2).

Petitioner then filed a petition pursuant to 28 U.S.C. § 2241 in this Court.  <u>See</u> <u>Zollicoffer v. Rios</u>, Central District of Illinois, Springfield Division, Case No. 10-01238.  Petitioner argued he was actually innocent of the career offender enhancement because the guidelines were incorrectly applied to find that his reckless discharge of a firearm conviction qualified under the residual clause

of § 4B1.2(a) as a crime of violence.  The § 2241 petition was
denied.  Id. (d/e 7).

In 2015, the Supreme Court decided Johnson v. United States,
in which it held that a residual clause of the Armed Career Criminal
Act (ACCA), which classified an offense as a "crime of violence" if it
involved "conduct that presents a serious potential risk of physical
injury to another," was unconstitutionally vague.  135 S. Ct. 2551,
2554, 2562-63 (2015).  In light of Johnson, the Seventh Circuit
granted Petitioner's application for authorization to file a successive
§ 2255 motion.  See Case No. 15-03337 (d/e 2).

## II. ANALYSIS

"[F]ederal district judges in habeas corpus and section 2255
proceedings have inherent power to admit applicants to bail
pending the decision of their case . . . ."  Cherek v. United States,
767 F.2d 335, 337 (7th Cir. 1985).  The Seventh Circuit has not yet
formulated a standard as to when a judge may grant a motion for
bond in the context of a § 2255 proceeding other than to state that
the power to grant bond in such circumstances should "be
exercised very sparingly."  Id.  A case from the Urbana Division of
this District has held, however, that bail should be granted pending

post-conviction habeas corpus review only "when the petitioner has

raised substantial constitutional claims upon which he has a high

probability of success" and "extraordinary or exceptional

circumstances exist which make the grant of bail necessary to make

the habeas remedy effective." Douglas v. United States, No. 06-CV-

2113, 2006 WL 3627071, at *1 (C.D. Ill. Dec. 11, 2006) (citing

Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992)).

Petitioner has met both prongs of this test with respect to his

pending § 2255 motion.

## A.   Petitioner has raised a constitutional claim upon which he has a high probability of success.

Before Johnson, but after Petitioner's sentencing, the Seventh

Circuit held that reckless discharge of a firearm, as defined by

Illinois law, could not be a "crime of violence," as that term was

defined by the United States Sentencing Guidelines, except under

the residual clause of § 4B1.2(a). United States v. Newbern, 479

F.3d 506, 509-11 (7th Cir. 2007), overruled by United States v.

Smith, 544 F.3d 781, 786 (7th Cir. 2008).  Accordingly, if the

Supreme Court promulgates a new rule in Beckles that the residual

clause's definition of "crime of violence" in the United States

Sentencing Guidelines is unconstitutionally vague and determines that this rule applies retroactively, Petitioner will not have the two felony convictions needed to be classified as a career offender. The Government does not dispute this conclusion in its opposition to Petitioner's Motion for Bond.

A large majority of federal appellate circuits have held or assumed that <u>Johnson</u>, a holding that has since been made retroactive, <u>see</u> <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016), extends to the United States Sentencing Guidelines. <u>See United States v. Hurlburt</u>, 835 F.3d 715, 725 (7th Cir. 2016) (discussing cases). Further, the Supreme Court heard oral argument in a case this month involving whether <u>Johnson</u> should be extended to the guidelines from the lone circuit that has held that <u>Johnson</u> does not apply to the Sentencing Guidelines. <u>See Beckles v. United States</u>, 616 F. App'x 415, 416 (11th Cir. 2015), <u>cert. granted</u>, 136 S. Ct. 2510 (2016). Given the overwhelming consensus that the rule promulgated in <u>Johnson</u> extends to the guidelines, the chance that Petitioner will prevail on his pending § 2255 motion is high.

The fact that the Supreme Court made <u>Johnson</u> retroactive, <u>see</u> <u>Welch v. United States</u>, 136 S. Ct. at 1268, leads this Court to the conclusion that a holding in <u>Beckles</u> that the Guidelines are subject to vagueness challenges, which will result in the residual clause of the career offender guideline being deemed unconstitutionally vague, will also be made retroactive, especially given that successive § 2255 motions, if not based on newly discovered evidence, must be based on "a new rule of constitutional law, <u>made retroactive to cases on collateral review by the Supreme Court</u>, that was previously unavailable."  28 U.S.C. § 2255(h)(2) (emphasis added).  In short, the Court finds that Petitioner has shown a high probability of success on the constitutional claim on which his pending § 2255 motion is based.

**B.  Exceptional circumstances justify Petitioner's release on bond.**

Petitioner has served approximately 152 months in prison for the offense for which he was sentenced in his underlying criminal case.  If his § 2255 motion is successful, Petitioner will be resentenced without having the designation of a career offender. The result is that if Petitioner's pending § 2255 motion is

successful, he will have already served a sentence approximately three years longer than the top of the current guideline range for his offense.

Further, the Court finds that Petitioner is a good candidate for bond. He has supportive parents who plan to provide him with a place to live. Moreover, Petitioner has completed numerous courses and obtained his GED certificate while in prison. He is also currently enrolled in the Bureau of Prisons' Residential Drug Abuse Program. Petitioner has worked consistently while in custody and has received positive reviews for that work. And although the Government correctly notes that Petitioner has several infractions during his time in the custody of the Bureau of Prisons, the Court notes that only one of those infractions occurred after 2011.

### III. CONCLUSION

For the reasons stated, the Court chooses to exercise its inherent authority to release Petitioner on bond pending the resolution of his § 2255 motion. Petitioner's Motion for Bond (d/e 10) is GRANTED. The Bureau of Prisons is ORDERED to release Petitioner on recognizance bond forthwith. This case is hereby

STAYED pending the Supreme Court's decision in <u>Beckles v. United States</u>.

ENTER: January 9, 2017.

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
