## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

MYRON ZOLLICOFFER,      )
                                  )
     Petitioner,      )
                                  )
     v.                )       Civil No. 15-03337
                                  )
UNITED STATES OF AMERICA,   )
                                  )
     Respondent.     )

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Petitioner Myron Zollicoffer's Amended Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (d/e 4). For the reasons stated herein, Petitioner's Petition is GRANTED.

## I. BACKGROUND

In October 2002, Petitioner was charged by indictment with three counts of distributing a substance containing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). United States v. Zollicoffer, Central District of Illinois, Springfield Division, Case No. 02-cr-30104 (d/e 1) (hereinafter Crim. Case). On February 14, 2003, Petitioner entered into an open plea of guilty to the charged

offenses.  On July 29, 2003, U.S. District Judge Jeanne Scott sentenced Petitioner to 230 months' imprisonment on each count, to run concurrently.

The Court reached this sentence based on its finding that Petitioner was a career offender under the U.S. Sentencing Guidelines.  Therefore, he was subject to an enhancement of his offense level and an according increase in his imprisonment range.  U.S.S.G. § 4B1.1.  The Presentence Investigation Report (PSR) prepared in anticipation of Petitioner's sentencing found Petitioner to be a career offender because he had one prior controlled substance offense, manufacture/delivery of cannabis in Madison County, Illinois, case number 97-CF-1206, and one prior crime of violence conviction, reckless discharge of a firearm in Morgan County, Illinois, case number 94-CF-130.  See PSR ¶¶ 25, 31, 41.  The PSR included no other prior convictions that qualified as crimes of violence under § 4B1.2.  See PSR ¶¶ 28-50.

Petitioner's status as a career offender enhanced his base offense level from 23 to 34.  PSR ¶ 27.  Accordingly, his Guideline imprisonment range increased from 92 to 115 months to 262 to 327 months.  See PSR ¶¶ 16-24, 51-53.  This Guideline range was

mandatory on the sentencing Court because Petitioner was
sentenced prior to the Supreme Court's ruling in <u>United States v.
Booker</u>.  543 U.S. 220 (2005) (abolishing the mandatory nature of
the Sentencing Guidelines and rendering them advisory).

Following the sentencing, Petitioner appealed, but he later
dismissed the appeal.  <u>See</u> Crim. Case (d/e 43).

Petitioner filed his first § 2255 petition in 2004, alleging
ineffective assistance by his attorney in the criminal case and
alleging that the statutes under which he was convicted were
unconstitutional.  <u>See</u> <u>Zollicoffer v. United States</u>, Central District of
Illinois, Springfield Division, Case No. 04-cv-03239 (d/e 1).  The
Court denied the petition on February 22, 2005.  <u>Id.</u> (d/e 8).

In 2010, Petitioner filed an application to file a successive §
2255 petition in the Seventh Circuit.  <u>See</u> <u>Zollicoffer v. United
States</u>, Case No. 10-1615 (7th Cir. 2010).  Petitioner sought to be
resentenced without the career offender designation on the ground
that his reckless discharge of a firearm conviction was no longer a
crime of violence under <u>Chambers v. United States</u>, 555 U.S. 122
(2009), because the conviction did not involve purposeful, violent
conduct.  The Seventh Circuit denied the application, concluding

that <u>Chambers</u> did not announce a new constitutional rule but rather defined a statutory term. <u>Id.</u> (d/e 2).

Petitioner then filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. <u>Zollicoffer v. Rios</u>, Central District of Illinois, Peoria Division, Case No. 10-cv-1238 (d/e 1). Petitioner challenged his career offender enhancement on the ground that, after <u>Chambers</u> and <u>Begay v. United States</u>, 553 U.S. 137 (2008), his reckless discharge of a firearm conviction was not a crime of violence because it involved a mens rea of recklessness. U.S. District Judge Joe B. McDade denied the § 2241 petition because it failed to establish that Petitioner was actually innocent, as required by 28 U.S.C. § 2241. A claim of actual innocence must be based upon the crime for which a petitioner was convicted, not upon a condition of his sentencing. Case No. 10-cv-1238 (d/e 7).

In 2015, the Supreme Court decided <u>Johnson v. United States</u>, which addressed the Armed Career Criminal Act (ACCA), which enhanced sentences for gun offenses for defendants with three prior convictions for violent felonies or drug felonies. The Court held that the residual clause of the ACCA, which classified an offense as a "violent felony" if it involved "conduct that presents a serious

potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. 2551 (2015). In light of <u>Johnson</u>, Petitioner applied for authorization to file a successive § 2255 petition. The Seventh Circuit granted Petitioner's application to file a petition that sought to apply <u>Johnson</u> to the identically-worded residual clause of the career offender enhancement of the mandatory Guidelines. <u>See</u> <u>Zollicoffer v. United States</u>, Case No. 15-3125 (7th Cir. 2015).

Petitioner filed his § 2255 Petition in this Court on December 2, 2015. <u>See</u> Central District of Illinois, Springfield Division, Case No. 15-cv-3337 (d/e 1). Petitioner's appointed counsel filed an Amended § 2255 Petition on January 29, 2016. <u>Id.</u> (d/e 4) (hereinafter Petition).

On December 14, 2016, Petitioner moved to be released on bond pending resolution of the Petition. On January 9, 2017, this Court granted Petitioner's request and released him on bond pending the outcome of <u>Beckles v. United States</u>, which was expected to address whether <u>Johnson</u> applied to the U.S. Sentencing Guidelines. 137 S. Ct. 886 (2017).

On November 17, 2017, the U.S. Probation Office filed a Petition for Revocation of Petitioner's bond, alleging that Petitioner

violated the conditions of his bond when he battered his fiancée on August 12, 2017.  <u>See</u> Crim. Case (d/e 63). Petitioner was arrested and detained on February 15, 2018.  This Court revoked Petitioner's bond on February 28, 2018.

In the Petition, Petitioner seeks relief from his career offender sentence enhancement on the ground that his reckless discharge of a firearm conviction qualified as a crime of violence only under the residual clause.  Therefore, the Petitioner argues, in light of <u>Johnson</u>, his reckless discharge conviction no longer qualifies as a predicate offense and he is not subject to the Guidelines' career offender sentence enhancement.

## II. LEGAL STANDARD

### A.  Habeas Relief Under § 2255 is an Extraordinary Remedy for a Fundamental Defect.

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." <u>Almonacid v. United States</u>, 476 F.3d 518, 521 (7th Cir. 2007). Post-conviction relief under § 2255 is accordingly "appropriate only

for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." <u>Harris v. United States</u>, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

### B. The Residual Clauses of the ACCA and the Mandatory Guidelines are Void for Unconstitutional Vagueness.

The Armed Career Criminal Act (ACCA) enhances the penalties for gun offenses under 18 U.S.C. § 922(g) when the defendant has three prior convictions for a "violent felony," a serious drug offense, or both. 18 U.S.C. § 924(e).

The current version of the ACCA defines "violent felony" in two ways. One definition, known as the elements clause, defines violent felony as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The second definition is known as the enumerated clause and defines violent felony as a felony that "is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii).

Prior to 2015, the ACCA also contained a third definition of violent felony, known as the residual clause. <u>See</u> <u>Taylor v. United</u>

<u>States</u>, No. 12-CR-30090-MJR, 2015 WL 7567215, at *13 (S.D. Ill. Nov. 25, 2015) (noting that, until <u>Johnson</u> was decided, "a prior conviction could qualify as a violent felony under three different sections of the ACCA—the elements clause, the enumerated clause, or the residual clause"). The residual clause defined violent felony as a felony involving "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (2015).

In 2015, the United States Supreme Court held that the ACCA's residual clause was unconstitutionally vague. <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). The Court ruled the clause void for vagueness because "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." <u>Id.</u> at 2563.

The following year, the Supreme Court ruled that its holding in <u>Johnson</u> applied retroactively to cases on collateral review. <u>See Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016) ("<u>Johnson</u> announced a substantive rule that has retroactive effect in cases on collateral review"). Therefore, a petitioner could attack the validity of his sentence in a § 2255 motion under <u>Johnson</u>. <u>Id.</u>

After <u>Johnson</u>, courts considered whether the <u>Johnson</u> rule applied to the identically-worded residual clause of the career offender Guideline, § 4B1.2(a)(2). Similar to ACCA's enhanced penalties for defendants who have three prior qualifying offenses, Section 4B1.1 of the United States Sentencing Guidelines establishes enhanced offense levels for "career offenders." A career offender is a defendant whose conviction in the instant case is either a "crime of violence" or a controlled substance felony and who has at least two prior felony convictions of a crime of violence or a controlled substance offense. Like the ACCA, § 4B1.2 has several definitions for "crime of violence." The so-called elements clause defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Alternatively, § 4B1.2 provides a list of offenses that are also crimes of violence. Prior to 2016, § 4B1.2 also included an additional definition of "crime of violence," known as the residual clause. The residual clause defined "crime of violence" as a felony that "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a) (2003). This definition tracked verbatim the language of the ACCA residual

clause.  See United States v. Hampton, 675 F.3d 720, 730-31 & n.2

(7th Cir. 2012) (noting that the case law interpreting "crime of

violence" in the career offender guideline and "violent felony" in the

Armed Career Criminal Act is interchangeable).

In August 2016, the Seventh Circuit held that the Johnson

rule applied to the advisory Guidelines.  United States v. Hurlburt,

835 F.3d 715, 725 (7th Cir. 2016).

On March 6, 2017, the United States Supreme Court ruled

that because the Sentencing Guidelines are advisory and are not

binding on courts, they are not subject to vagueness challenges

under the Due Process Clause.  Beckles, 137 S. Ct. 886.  The Court

addressed only a sentence based on the post-Booker, advisory

Guidelines.  In support of the Supreme Court's holding, the Court

reasoned that the advisory Guidelines "do not fix the permissible

range of sentences" but "merely guide the exercise of a court's

discretion in choosing an appropriate sentence within the statutory

range."  Id. at 892.  Therefore, the language of the advisory

Guidelines does not implicate a defendant's due process rights.  Id.

at 890 (also abrogating Hurlburt).

Beckles clarified that the advisory Guidelines are not subject to the void-for-vagueness doctrine because, unlike a statutory sentence, the Guidelines are not binding on the courts. However, Beckles did not address the Guidelines as they existed prior to the Supreme Court's 2005 ruling that the Guidelines were no longer binding on courts and were merely advisory. Booker v. United States, 543 U.S. 220 (2005). After Beckles, courts grappled with whether the pre-Booker, mandatory Guidelines are subject to the void-for-vagueness doctrine.

On June 7, 2018, the Seventh Circuit addressed this issue in consolidated cases Cross v. United States and Davis v. United States, 892 F.3d 288 (7th Cir. 2018) (hereinafter Cross). There, the Seventh Circuit held that: 1) the rule in Johnson applies to the mandatory Guidelines; 2) the mandatory Guidelines' residual clause is unconstitutionally vague; 3) the rule applies retroactively because it is merely an application of Johnson; 4) a petition challenging a career offender enhancement under the mandatory Guidelines' residual clause is timely if it was filed within one year of the Johnson opinion under 28 U.S.C. § 2255(f)(3); and 5) any procedural default based on a failure to raise a vagueness challenge

to the mandatory Guideline residual clause at the time of sentencing is excused pursuant to <u>Reed v. Ross</u>, 468 U.S. 1 (1984) (petitioner excused from raising claim on direct appeal when basis of claim was rule that, at time of conviction, was contrary to existing precedent).

### III. ANALYSIS

**A. Petitioner's Sentence Violated the Due Process Clause Because it Relied Upon the Unconstitutionally Vague Residual Clause of Guideline § 4B1.2(a)(2).**

*1. Reckless discharge of a firearm is only a crime of violence under the residual clause.*

Petitioner was found to be a career offender under the mandatory Sentencing Guidelines based on his prior convictions in Illinois for manufacture/delivery of a controlled substance and reckless discharge of a firearm. Petitioner's reckless discharge of a firearm conviction is a crime of violence only under the residual clause.

In Illinois, "[a] person commits reckless discharge of a firearm by discharging a firearm in a reckless manner which endangers the bodily safety of an individual." 720 ILCS 5/24-1.5(a). "This statute does not have as an element the use or attempted use of force

against the person of another." <u>United States v. Gear</u>, 577 F.3d 810, 812 (7th Cir. 2009). Accordingly, the offense qualified as a crime of violence only under the residual clause. <u>Id.</u> at 812 ("the crime [of reckless discharge of a firearm in Illinois] is violent, or not, under the residual category of U.S.S.G. § 4B1.2(a)(2)"). Though it does not meet the requirements of the elements clause, reckless discharge of a firearm in Illinois fits easily within the residual clause because it "plainly requires conduct that presents a 'serious potential risk of physical injury to another' within the meaning of § 4B1.2(a)(2)." <u>United States v. Newbern</u>, 479 F.3d 506, 509 (7th Cir. 2007), <u>overruled on other grounds by</u> <u>United States v. Smith</u>, 544 F.3d 781, 786 (7th Cir. 2008) (holding that in light of <u>Begay</u>, offenses requiring a mens rea of mere recklessness could not be crimes of violence).

Therefore, Petitioner's prior conviction for reckless discharge of a firearm supported his designation as a career offender only by qualifying as a crime of violence under the residual clause.

 *2. Petitioner does not qualify as a career offender.*

In <u>Cross</u>, the Seventh Circuit reversed the district court's denial of habeas relief for two petitioners who had been sentenced

under the mandatory Guidelines as career offenders based on their prior convictions for simple robbery, which did not qualify as a crime of violence under the elements clause.  The Seventh Circuit held that the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines is unconstitutionally vague.[1]  Cross, 892 F.3d at 306.  Therefore, the petitioners' convictions for robbery no longer qualified as crimes of violence.

> [T]he mandatory guidelines' incorporation of the vague residual clause impeded a person's efforts to regulate his conduct so as to avoid particular penalties and left it to the judge to prescribe the . . . sentencing range available.  Therefore, unlike the advisory guidelines, the mandatory guidelines implicated the twin concerns of the vagueness doctrine.  The mandatory guidelines are thus subject to attack on vagueness grounds.  (internal citations omitted).

Id.  Similarly, Mr. Zollicoffer's prior conviction of reckless discharge of a firearm qualified as a crime of violence only under the residual clause, so it is no longer a crime of violence under § 4B1.2(a)(1).  Therefore, because Petitioner has only one qualifying prior conviction under § 4B1.1, he does not qualify as a career offender.

---

[1] In the Government's Response, the Government waived any argument that the mandatory Guidelines are not subject to a vagueness challenge.  Response at 16-17.

Petitioner's wrongful classification as a career offender violated his Due Process rights by subjecting him to a mandatory sentence enhancement. Petitioner was in federal custody from December 4, 2002, when U.S. Magistrate Judge Byron Cudmore ordered Petitioner detained, to January 9, 2017, when this Court released Petitioner on bond pending the resolution of his Petition. Petitioner returned to federal custody on February 15, 2018, when his bond was revoked. Petitioner has been detained since. In total, Petitioner has served approximately 14 years and 5 months, or 173 months in custody. Without the career offender enhancement, Petitioner's guideline range for his imprisonment sentence would have been 92 to 115 months. <u>See</u> PSR ¶¶ 16-24, 51-53; 2003 U.S. Sentencing Guideline Ch. 5 Pt. A (2003).

Petitioner's sentence was imposed in violation of the Due Process Clause because the sentence was based on an error that constitutes a fundamental defect, which inherently results in a complete miscarriage of justice. <u>See</u> <u>Narvaez v. United States</u>, 674 F.3d 621 (7th Cir. 2011). Therefore, the Petition meets § 2255(a)'s requirement that the basis of the claim be that the sentence was

imposed in violation of the Constitution or the laws of the United States.

Even though Petitioner's enhanced sentence relied on the unconstitutionally vague residual clause of § 4B1.2(a)(2), the successive § 2255 Petition must be based on a new and retroactive rule of constitutional law, the Petition must have been timely filed, and Petitioner must not have procedurally defaulted on his claim.

## B. The Petition is Based on a Rule of Constitutional Law Newly Recognized by the Supreme Court and Made Retroactive By the Supreme Court.

When a petitioner has already sought relief from his conviction under § 2255, he may file a subsequent § 2255 petition only if the petition is based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).

### 1. The successive § 2255 petition is based on a rule of constitutional law newly recognized by the Supreme Court.

In <u>Johnson</u>, the Supreme Court recognized the right to be free from a sentence enhancement based on unconstitutionally vague language.  This right, which forms the basis of the Petition, is

constitutional, as it protects Petitioner's Due Process Rights.

Further, the rule in <u>Johnson</u> was not dictated by past precedent but was instead a new rule of law. "It is undisputed that <u>Johnson</u> announced a new rule." <u>Welch</u>, 136 S. Ct. at 1264. Therefore, the Petition is based on a constitutional rule of law newly recognized by the Supreme Court in <u>Johnson</u>.

> *2. The Supreme Court applied the <u>Johnson</u> rule retroactively to the mandatory Guidelines.*

The Petition also meets the retroactivity requirement for a second or successive petition. Section 2255(h)(2) requires that a second or successive petition be based on a previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

A newly recognized constitutional rule applies retroactively if it is a substantive rule rather than a procedural rule. <u>Welch</u>, 136 S. Ct. at 1264. A substantive rule "alters the range of conduct or the class of persons that the law punishes," whereas procedural rules "regulate only the manner of determining the defendant's culpability." <u>Id.</u> at 1260 (emphasis removed). In <u>Welch</u>, the Supreme Court held that the rule espoused in <u>Johnson</u> is

substantive because it narrowed the class to whom ACCA's sentence enhancement applied. Accordingly, the Supreme Court made the <u>Johnson</u> rule retroactive to cases on collateral review. <u>Id.</u> at 1265.

The Government contends that the Supreme Court has not made <u>Johnson</u> retroactively applicable to Guidelines cases. Government's Response to Petitioner's Amended Motion to Vacate Sentence Under 28 U.S.C. § 2255 (d/e 5) at 6–11 (hereinafter Response). The Government asserts that application of the <u>Johnson</u> rule to the Guidelines, whether mandatory or advisory, is procedural rather than substantive. The Government reasons that <u>Johnson</u> is substantive as applied to the ACCA because application of the statutory residual clause causes the sentence to exceed the statutory sentence that is actually authorized by the Constitution. On the other hand, the Government argues that application of the Guideline residual clause only creates a risk that the resultant sentence will exceed the range that would apply without it. Moreover, regardless, Guidelines sentences are not at risk of exceeding the applicable statutory maximum.

Petitioner nonetheless argues that the retroactivity that the Supreme Court bestowed upon the <u>Johnson</u> rule in <u>Welch</u> applies when the Guidelines that governed the sentence are mandatory.

Although the sentence at issue in <u>Johnson</u> was enhanced under the ACCA, the Supreme Court formulated the rule in <u>Johnson</u> as the right not to be sentenced under a rule of law that fixes sentences using impermissibly vague language.  <u>Johnson</u>, 135 S. Ct. at 2556–57 ("The prohibition of vagueness in criminal statutes . . . appl[ies] not only to statutes defining elements of crimes, but also to statutes fixing sentences . . . . [T]he indeterminacy of the . . . residual clause . . . denies due process of law."); <u>see also</u> <u>Beckles</u>, 137 S. Ct. at 892 ("In <u>Johnson</u>, we applied the vagueness rule to a statute fixing permissible sentences.  The ACCA's residual clause . . . fixed—in an impermissibly vague way—a higher range of sentences for certain defendants.").  The <u>Johnson</u> rule applies to the mandatory Guidelines because <u>Johnson</u> covers sentences that are fixed by unconstitutional language.

Although the Seventh Circuit in <u>Cross</u> did not directly address the retroactivity requirement for second or successive petitions, that decision nonetheless supports this reading of the <u>Johnson</u> rule.

The Seventh Circuit interpreted <u>Johnson</u> as recognizing a defendant's right to be protected from a term of imprisonment that has been fixed by unconstitutionally vague language.  <u>Cross</u>, 892 F.3d at 294 (<u>Johnson</u> establishes that a "person has a right not to have his sentence <u>dictated</u> by the unconstitutionally vague language of the mandatory residual clause") (emphasis in original). The Seventh Circuit considered the reasoning in <u>Johnson</u> to find that the <u>Johnson</u> rule was not limited to statutory sentences but applied to a sentence imposed under the mandatory Guideline because such a sentence was binding and, therefore, implicated the defendant's Due Process right.

Therefore, the Seventh Circuit found that the <u>Johnson</u> rule applied retroactively to the mandatory Guidelines cases because the Supreme Court made the rule retroactive to cases on collateral review in <u>Welch</u>.  Because the mandatory Guidelines acted like statutes, the Seventh Circuit found that "[t]he same logic [as applied in <u>Welch</u>] justifies treating <u>Johnson</u> as substantive, and therefore retroactive, when applied to the mandatory guidelines." <u>Cross</u>, 892 F.3d at 307.  Therefore, the Seventh Circuit did not find that it was extending the retroactivity that the Supreme Court

applied in <u>Welch</u> to the mandatory Guidelines.  Rather, the Seventh Circuit has found that the Supreme Court in <u>Welch</u> already made the rule retroactive to the mandatory Guidelines cases on collateral review.

Therefore, the Petition is based on a new constitutional rule made retroactive by the Supreme Court in accordance with § 2255(h)(2).  Accordingly, the Petition meets the requirements for a subsequent § 2255 petition.

## C.  The Petition is Timely.

Section 2255 petitions are subject to a one-year statute of limitations.  The year begins, <u>inter alia</u>, on the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  28 U.S.C. § 2255(f)(3).

Petitioner filed his Original Petition on December 2, 2015, and his Amended Petition on January 29, 2016, both of which fall within one year of the issuance of <u>Johnson</u> on June 26, 2015.  The right asserted here is based on the rule espoused in <u>Johnson</u>,

which the Supreme Court acknowledged was a new rule of constitutional law.

Additionally, in finding that the Petition meets the requirements for a second or successive § 2255 petition, this Court found that the Supreme Court's retroactive application of the Johnson rule in Welch includes the circumstances of this case, in which the enhanced sentence was fixed under the mandatory Guidelines. See Welch, 136 S. Ct. at 1265; supra Section B.2.

Therefore, the Petition is timely because it was filed within one-year following Johnson.

**D. Petitioner is Not Procedurally Barred From Relief.**

> *1. Petitioner's previous application for a writ of habeas corpus does not bar the current petition.*

Having concluded that the Petition sets forth a meritorious claim, the Court will now address the Government's procedural arguments against granting relief. In the Government's Response to the Petition, the Government argues that Petitioner may not raise his current claim because he previously filed a § 2241 Petition for relief from his status as a career offender in 2010. Response at 3-6.

The Court disagrees that Petitioner's prior petition bars relief in these proceedings. In <u>Price v. United States</u>, the Seventh Circuit found in a nearly identical circumstance that a petitioner's prior habeas petition challenging his status as an armed career criminal did not preclude his later <u>Johnson</u>-based petition. 795 F.3d 731 (7th Cir. 2015). Price's first petition relied on <u>Begay v. United States</u>, to argue that his prior conviction for criminal recklessness did not have the requisite mens rea to qualify as a crime of violence. 553 U.S. 137 (2008) (conviction for driving under the influence not a crime of violence because, while dangerous, the crime was a strict liability offense, so it did not indicate an increased likelihood of deliberate violence as intended by Congress). Price later filed a petition based on <u>Johnson</u>, arguing that his prior conviction of criminal recklessness relied solely on the now-defunct residual clause to qualify as a crime of violence. The Seventh Circuit reasoned that the earlier petition did not preclude the later one because the <u>Johnson</u> rule was previously unavailable to Price. Additionally, the later petition was not duplicative of the earlier one because Price "raised and lost a different (though related) argument under the law as it stood during his first collateral attack." <u>Price</u>,

795 F.3d at 733.  Further, Price "never alleged then that ACCA's residual clause itself was unconstitutionally vague."  Id.

In accordance with Price, this Court finds that Petitioner's § 2241 Petition in Case No. 10-cv-1238 (ILCD) does not preclude the instant one.  The § 2241 Petition did not allege that the residual clause of 4B1.2(a) was unconstitutionally vague.  Rather, Petitioner there argued that his prior conviction was not a crime of violence under Begay because it involved a mens rea of recklessness.  This earlier petition is not a procedural bar to the instant Petition because the argument that the residual clause is unconstitutionally vague was unavailable at the time the § 2241 Petition was filed.  See infra, Section D.2.  Further, as in Price to these proceedings, the basis of the § 2241 Petition was different than the present claim— while the earlier petition focused on the mens rea element of the qualifying offense, the Petition here argues that Petitioner was sentenced under an unconstitutionally vague provision.  Therefore, Petitioner's § 2241 Petition does not bar the Petition pending in these proceedings because Petitioner has never presented this claim before.

*2. Petitioner's failure to raise the vagueness of the residual clause on direct appeal does not result in procedural default.*

Finally, the Government contends that Petitioner's claim is procedurally defaulted because he did not challenge the constitutionality of the residual clause on direct appeal.  Response at 11-15.  "The failure to raise an issue on direct appeal generally bars a defendant from raising it later in a post-conviction proceeding." <u>Barker v. United States</u>, 7 F.3d 629, 632 (7th Cir. 1993).  However, a petitioner may raise his constitutional claim for the first time on collateral attack if he "can demonstrate cause for the procedural default as well actual prejudice from the failure to appeal." <u>Id.</u>  Procedural default here is excused because Petitioner can show cause and prejudice.

As the Seventh Circuit has recognized, an extended prison term easily establishes prejudice to the petitioner.  <u>Cross</u>, 892 F.3d at 294 ("We have no doubt that an extended prison term—which was imposed on both men as a result of their designation as career offenders—constitutes prejudice.").

Second, the cause of Petitioner's procedural default is excusable.  A petitioner may be excused for failing to raise the issue

on appeal when the petition is based on a Supreme Court decision that: 1) explicitly overrules one of its precedents; 2) overturns a longstanding and widespread practice of lower courts; or 3) disapproves a practice that the Supreme Court previously sanctioned. <u>Reed v. Ross</u>, 468 U.S. 1, 17 (1984). Petitioner, like the petitioners in <u>Cross</u>, is excused from his failure to raise the vagueness of the residual clause on direct appeal under the first two types of excuses. First, the Supreme Court in <u>Johnson</u> directly overruled several of its past precedents. <u>See</u>, <u>e.g.</u>, <u>Sykes v. United States</u>, 564 U.S. 1 (2011) (majority rejected notions by dissent that the residual clause of § 924(e) was unconstitutionally vague); <u>James v. United States</u>, 550 U.S. 192 (2007) (same). Second, the Supreme Court in <u>Johnson</u> overturned a long-running position by district and appellate courts that the residual clause was valid and that the Guidelines are not subject to void-for-vagueness challenges. <u>See</u>, <u>e.g.</u>, <u>United States v. Brierton</u>, 165 F.3d 1133 (7th Cir. 1999) (sentencing Guidelines are not susceptible to attack for being void-for-vagueness). The rule set forth in <u>Johnson</u> was so novel that the claim that the residual clause was unconstitutionally vague was not reasonably available to Petitioner and his attorney at Petitioner's

sentencing or on appeal.  See Welch, 136 S. Ct. at 1264 (Johnson rule was new because it was not dictated by precedent existing at the time of defendant's conviction); Cross, 892 F.3d at 295-96. Johnson abrogated a substantial body of circuit court precedent upholding the residual clause against vagueness challenges.

Accordingly, Petitioner could not reasonably have argued the vagueness of the residual clause when he was sentenced in 2003. His inability to anticipate Johnson excuses his procedural default.

## IV. CONCLUSION

Petitioner's reckless discharge of a firearm conviction is not a crime of violence, and he does not qualify as a career offender under § 4B1.  Further, the Petition meets the requirements of § 2255 because it is based on the new constitutional rule recognized in Johnson and made retroactive by the Supreme Court in Welch. Petitioner filed the Petition within one year of the issuance of the Johnson decision, so it is timely.  Accordingly, Petitioner is entitled to relief.

The Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (d/e 4) is GRANTED.  The Original Petition (d/e 1) is DISMISSED as replaced by the Amended Petition.   A

resentencing hearing in Criminal Case No. 02-cr-30104 (ILCD) is hereby set for Thursday, September 27, 2018, at 10:30 AM. Petitioner shall remain in the custody of the Bureau of Prisons while awaiting his resentencing hearing. The Clerk is DIRECTED to provide a copy of this Order and the corresponding docket entry to Petitioner.

**ENTER: August 29, 2018**

**/s/ Sue E. Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**
